IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDA TAITE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 14-00435-KD-C |
| | ) | |
| WAL-MART SUPERCENTER, Store #1493, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant's motion for summary judgment (Docs. 16-18, 31), Plaintiff's Response (Doc. 39), and Defendant's Objection and Reply (Docs. 40, 41).[1]

**I.   Findings of Fact**[2]

This federal diversity case stems from *pro se* Plaintiff Brenda Taite (Taite)'s shopping trip to a Monroeville, Alabama Wal-Mart, where she was allegedly bitten by a spider. Specifically, on July 10, 2014, while shopping for frozen strawberries in the frozen food aisle, Taite felt something crawl across her leg and bite her. She looked and saw that something had indeed bitten her right ankle. (Doc. 17-1 (Dep. Taite 50-52)). By the time Taite was checking out, she could "hardly walk," was unable to load her groceries onto the belt, and needed

---

[1] On summary judgment, Taite also submitted her Affidavit. (Doc. 39-5 (Aff. Taite)). The Affidavit is not stamped by a notary, is conclusory, self-serving, renders legal and medical conclusions, and in many ways is redundant to that which is already alleged in the pleadings and set forth in her deposition testimony. As such, the Court has not considered the Affidavit on summary judgment. Thus, Wal-Mart's Objection to same (Doc. 40) is **MOOT.** As to Taite's medical records being inadmissible, Wal-Mart's Objection is **OVERRULED** for purposes of summary judgment, as they could be rendered admissible at trial. Concerning Wal-Mart's Objection to Taite's submission of an Article on black widow spiders, the objection is **MOOT** because the Court has not considered the article on summary judgment due to the lack of evidence of the existence of any spider, much less a black widow spider or brown recluse spider, as the source of Taite's alleged bite. Regarding Wal-Mart's Objection to the DVD containing surveillance video of the alleged spider bite (Doc. 39-2), such is **MOOT** because the Court has not considered same as it was not submitted in a readable format.

[2] On summary judgment, the Court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004).

assistance carrying her groceries to her car. (Id. (Dep. Taite 73-75)). When Taite arrived home, "she was screaming in pain" and "rushed" to Monroe County Hospital's emergency room. (Id.; Doc. 5 at 2 at ¶11; Doc. 39-3). Taite asserts that her right leg was swollen, the bite had "infected" a nerve, she was placed on crutches, was hospitalized for six (6) days, underwent outpatient antibiotic therapy from July 13, 2014 through August 6, 2014, and had two (2) hospital stays. (Doc. 5 at 2 at ¶12; Doc. 39 at 3; Doc. 39-3). There is no mention of a bite, or spider bite, in the ER records, as she was admitted for "leg pain". At discharge it was noted that Taite had cellulitis, her status was post total knee replacement with removal of part of her femur and cholecystectomy secondary to sarcoma, and that she had hypertension, anemia and obesity. (Doc. 39-3).

On August 5, 2014, Taite telephoned an individual named Noel Visor at the Wal-Mart store in question, notifying Visor that she had been bitten by something in the store. (Doc. 17-1 (Dep. Taite at 84)). On August 7, 2014, a Wal-Mart Customer Incident Report was completed and signed by Taite. Therein Taite described the incident as follows: "went through produce then to frozen fruits standing by frozen fruits felt something bite on right ankle took shoe of[] then went get other items but kept taking foot out of shoe left because was in so much pain. Went to emergency room at 2:15." (Doc. 17-2; Doc. 17-1 (Dep. Taite at 57-58)). Taite did not mention a spider in the incident report. (Doc. 17-1 (Dep. Taite at 58-59)). On August 22, 2014, Wal-Mart's claims representative, Claims Management, Inc., notified Taite that its investigation revealed no negligence by Wal-Mart, and it was denying her claim. (Doc. 39-4).

On November 21, 2014, Taite was seen at the University of South Alabama by neurologist Dr. Bassam A. Bassam (Dr. Bassam) for a consultation concerning a right foot drop. (Doc. 39-1). This is the first mention of a spider bite in her medical records, as provided by

Taite in her medical history. Dr. Bassam diagnosed her with a "[p]robable residual partial right peroneal neuropathy, subsequent to spider bite and leg swelling on 07/10/2014, as per patient's provided in clinical history." (Doc. 39-1 at 3). On December 8, 2014 a nerve conduction study and EMG were performed By Dr. Bassam at the University of South Alabama and the conclusion was that the study of the right lower extremity was significantly limited due to Taite's overweight and poor tolerance of the procedure but the "findings are consistent with moderately severe chronic common right peroneal neuropathy, most likely at the knee." (Doc. 39-1 at 4-5).

On August 25, 2014, Taite sued Wal-Mart in the Circuit Court for Monroe County, Alabama. (Doc. 1-1). Wal-Mart removed the case to this Court. (Doc. 1). Taite filed an Amended Complaint asserting one (1) count, alleging Wal-Mart was negligent because it failed to: 1) properly supervise the common areas to provide a safe walking area free from hazards; 2) maintain shopping aisles in a safe condition to guard against insect bites; 3) properly inspect the store aisles; and 4) maintain the premises in a good and safe condition. (Doc. 5). Taite denies any contributory negligence on her part. Taite seeks $74,999 in medical expenses, and claims to have continued pain in her right leg with a damaged nerve, and that she suffers from "drop foot" -- asserting "[s]he may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity[]" and "[h]er overall health, strength, and vitality has been greatly impaired." (Doc. 5 at 2-3; Doc. 39 at 3). Taite also now claims that she was bitten, specifically, by a black widow spider. (Doc. 39 at 3).

## II.    Conclusions of Law

### A.    Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.

R. Civ. P. 56(a) (Dec. 2010).  The recently amended Rule 56(c) provides as follows:

> ***(1) Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> ***(2) Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> ***(3) Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.
>
> ***(4) Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. Rule 56(c) (Dec. 2010).

Wal-Mart, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. <u>Celotex</u>, 477 U.S. at 323.  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and

making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

**B.      Discussion[3]**

To establish negligence, Taite must prove that: 1) Wal-Mart owed her a duty of care; 2) Wal-Mart breached that duty; 3) she suffered a loss or injury; and 4) Wal-Mart's negligence was the actual and proximate cause of her injury. Lollar v. Poe, 622 So.2d 902, 905 (Ala. 1993); Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994); John R. Cowley & Bros., Inc. v. Brown, 569 So.2d 375, 379 (Ala. 1990). While sounding in negligence, this is more specifically a premises liability case dictated by Alabama premises liability law. As such, "'[t]he duty owed by a landowner to an injured party depends upon the status of the injured party in relation to the landowner's land, i.e., is the injured party a trespasser, a licensee, or an invitee." Manning v. Tractor Supply Co., 2015 WL 1578158, *2 (S.D. Ala. Apr. 9, 2015) (quoting Galaxy Cable, Inc. v. Davis, 58 So.3d 93, 98 (Ala. 2010)).

Wal-Mart is the premises owner. Taite, a shopper at Wal-Mart, was a business invitee of Wal-Mart.[4] See, e.g., Freeman v. Freeman, 67 So.3d 902, 907-908 (Ala. Civ. App. 2011) ("A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings of the possessor of the land." (citation and internal quotation marks omitted)). In Alabama, the premises owner owes its invitees a duty to "use reasonable care and diligence to keep the premises in a safe condition or, if the premises [are] in

---

[3] Because this action is pending in this federal court on the basis of diversity, the substantive law of Alabama applies. Employers Mut. Cas. Co. v. Mallard, 309 F.3d 1305, 1307 (11th Cir. 2002).

[4] Wal-Mart does not dispute Taite's status as a business invitee. (Doc. 17 at 8 at note 1).

a dangerous condition, to give sufficient warning so that an invitee might avoid danger by the use of ordinary care." Hunter v. Durr Sys., Inc., 2007 WL 1215075, *2 (M.D. Ala. Apr. 24, 2007). This duty does not extend to "open and obvious" dangers. Id.

Additionally, "[t]here is no presumption of negligence which arises from the mere fact of an injury to an invitee[,]"and a premises owner is not an insurer of the safety of its invitees. Ex parte Harold L. Martin Distrib. Co., 769 So.2d 313, 314 (Ala. 2000). See also Giles v. Winn-Dixie Montg., LLC, 574 Fed. Appx. 892, 894 (11th Cir. 2014) (same). "A store owner's duty is…'to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers.'…Consequently, injured 'plaintiffs must prove that the injury was proximately caused by the negligence of [the premises owner] or one of its servants or employees. Actual or constructive notice of the presence of the substance [or instrumentality that caused the injury] must be proven before [the premises owner] can be held responsible for the injury.'" Dolgencorp, Inc. v. Hall, 890 So.2d 98, 100 (Ala. 2003) (internal citations omitted).

However, even where there is no admissible evidence indicating that a premises owner had actual or constructive knowledge of a defective condition, such knowledge is not required in all circumstances. Isbell v. Aztecas Mexican Grill, 78 So.3d 420, 423 (Ala. Civ. App. 2011). As explained in Edwards v. Intergraph Servs. Co., 4 So.3d 495, 503-504 (Ala. Civ. App. 2008), when a premises owner "affirmatively creates" the defective condition, such as by placing items in an aisle, or when the owner fails to perform reasonable inspections or maintenance of the premises to discover or prevent the defective condition, notice can be inferred.

Concerning the first element, a duty existed as Wal-Mart owed to Taite the duty of care of that of premises liability owner (here a private business/store owner) to a business invitee.

As to the second element, Taite alleges only a subjective belief that Wal-Mart breached

its duty of care.  Specifically, a factfinder would have to adopt Taite's speculation that a spider bit her and that the spider was present in the store and not brought in on Taite's clothing or person.  However, a plaintiff's speculation about the cause of an injury is insufficient to overcome summary judgment.  See, e.g., Giles, 574 Fed. Appx. at 984 (finding similarly and citing Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact".).

Next, a factfinder would have to find that Wal-Mart failed to perform reasonable inspections for or maintenance against pests.  Taite has presented no evidence of such failure by Wal-Mart. Moreover, the only evidence before the court is that this store was serviced by a pest control company approximately 10 days before the incident. (Doc. 17, Exhibit C and D).  Taite again merely speculates that the spider was from the fresh produce or perhaps crawled out from between the freezers. Taite simply roots her claim that Wal-Mart breached its duty on "[t]he [mere] fact that I was bitten."  (Doc. 17-1 (Dep. Taite at 107)). Holding defendants liable in cases of mere speculation "would render premises owners virtual insurers of others' safety and would impose liability that is nearly absolute." Ex parte Martin Distrib., 769 So.3d at 316.

In contrast to Taite's speculation, the evidence submitted by Wal-Mart supports a finding that there are no issues of material fact with regard to breach of its duty.  As explained by Wal-Mart (Doc. 17 at 7):

> Brenda Haynes, Store Manager for the subject store, verified that "Wal-Mart has received no other complaints about spiders at the subject store prior to Plaintiff's alleged incident." (Def. Resp. Pl. Rog., attached hereto as Exhibit "C," Nos. 3 & 5.) Ms. Haynes also confirmed that prior to the alleged incident, the store received a pest elimination service by Ecolab Pest Control on June 20, 2014.  (Ex. C., No. 1(c); Ecolab Pest Report attached as Exhibit "D.")

(See also Doc. 17-3 (Def's Responses to Plf's Interrogs. and RFPs)).

The Ecolab Pest Control report shows that Wal-Mart received a pest control service on

7

June 20, 2014 – i.e., that the store had been serviced/exterminated less than one (1) month prior to the incident. The Interrogatory Responses include a "verification" from Haynes (Store Manager and the corporate representative) (Doc. 17-3 at 12), and Interrogatory Responses #3 and #5 state that "Wal-Mart has received no other complaints about spiders" prior to Taite's alleged incident. (Doc. 17-3 at 4). In sum, there is no evidence that Wal-Mart breached its duty, such that Taite's claim fails on this second element.

Nevertheless, even assuming *arguendo* that Taite established Wal-Mart's breach of duty of care, her claim also fails for lack of causation because she has not established that Wal-Mart's negligence was the actual and proximate cause of her injury. See, e.g., Lollar, 622 So.2d at 905 Martin, 643 So.2d at 567; Brown, 569 So.2d at 379.

Specifically, Taite has submitted medical records, which she asserts show her treatment for the alleged spider bite and her continued medical issues stemming from same. At the outset, the medical records are sparse – showing only a few occasions of treatment since the July 2014 alleged spider bite and with treatment concluding on December 8, 2014 (i.e., it is unclear how she is continuing to suffer pain/injuries when there is no evidence that she has been treated in over 10 months). Additionally, the records show that Taite sought treatment not for a spider bite on her right ankle but for "leg pain" at the Emergency Room the day of the incident. And thereafter, there is no mention in the medical records of any bite, spider or otherwise, until November 21, 2014, when she *self-reported* a spider bite as part of her history. Moreover, the medical records do not support treatment for a spider bite as injuring her right foot/ankle (the location of the alleged bite). Rather, the records indicate that Taite has undergone medical treatment related to issues stemming from her total knee replacement and surgical removal of part of her femur, with a conclusion in December of 2014 that she has "moderately severe

chronic common right peroneal neuropathy, most likely at the knee." As alleged, Taite was not bitten on the knee or leg, but on the right ankle. Taite has thus provided insufficient evidence linking her medical treatment to the alleged spider bite on July 10, 2014, to support causation. Thus, Taite has not provided substantial evidence relating any of her claimed injuries to the alleged spider bite at Wal-Mart. As such, because Taite cannot establish causation, Wal-Mart's motion for summary judgment is due to be granted.

### III.  Conclusion

Based on the foregoing, it is **ORDERED** that Wal-Mart's Motion for Summary Judgment (Docs. 16-18, 31) is **GRANTED.**

A Final Judgment shall issue in conjunction with this Order.

**DONE** and **ORDERED** this the **26th** day of **October 2015**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**